UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ELIZABETH LAJARA,

                Plaintiff,

- against -

CITIGROUP GLOBAL MARKETS INC.,

                Defendant.

------------------------------------------------------------X

**COMPLAINT**

**PLAINTIFF DEMANDS A JURY TRIAL**

07 CIV. 2661

E.C.F. Case

**JUDGE PATTERSON**

RECEIVED APR 0 2 2007 USDC-WP-SDNY

Plaintiff, **ELIZABETH LAJARA**, by her attorneys, **GOODSTEIN & WEST**, complaining of defendant, **CITIGROUP GLOBAL MARKETS INC.**, alleges as follows:

1.     This is an action brought pursuant to the Family and Medical Leave Act of 1993. Jurisdiction of ths Court is established pursuant to 29 U.S.C. §2617(a)(2) which permits an action to recover damages or equitable relief in any Federal Court of competent jurisdiction by any one or more employees for a violation of said Act.

This is also an action for injunctive relief and compensatory damages on behalf of plaintiff. Plaintiff has a pendent state claim pursuant to the New York Human State Rights Law (Executive Law §290 et seq.) and New York City Local Law 59 of 1986 as amended by Local Rule 39 for 19991 §8-502. Jurisdiction of this Court is invoked pursuant to the principle of pendent state jurisdiction; the New York Human Rights Law (N.Y.S. Executive Law §290 et seq.); and New York City Local Law 59 of 1986 as amended by Local Rule 39 of 1991 §8-101 et seq. Jurisdiction of this Court is

invoked to secure protection of and redress deprivation of rights providing for injunctive and other relief against sexual discrimination in employment.

## PARTIES

2. Plaintiff, ELIZABETH LAJARA resides in the Bronx, New York, County of Bronx.

3. Defendant, CITIGROUP GLOBAL MARKETS INC., with offices at 1 Penn Plaza, 43rd Floor, New York, New York 10119, is an employer subject to the Family and Medical Leave Act of 1993, 29 U.S.C. §2611. On information and belief, defendant, CITIGROUP GLOBAL MARKETS INC., is engaged in commerce, or in industry or activity affecting commerce, and employs 50 or more workers for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year. On information and belief, defendant, CITIGROUP GLOBAL MARKETS INC., employed plaintiff, ELIZABETH LAJARA at a work site where it employed more than 50 employees.

4. Plaintiff, ELIZABETH LAJARA, on information and belief, is an eligible employee as defined under the Family and Medical Leave Act of 1993, in that she was employed by defendants for at least 12 months prior to her request for leave, and she worked at least 1,250 hours with said defendants during the previous 12 month period. 29 U.S.C. §2611.

5. CITIGROUP GLOBAL MARKETS INC., is a corporation doing business in the State of New York. Defendant is an employer as defined by the New York State Human Rights Law and New York City Human Rights Law. On information and belief, defendant has employed more than 500 employees in each of 20 or more calendar weeks in the current or preceding calendar year.

6. Plaintiff, ELIZABETH LAJARA, began her employment with defendant in or about February 1998. Since that time, plaintiff's work performance was always satisfactory.

7. On or about January 6, 2006, plaintiff informed Defendant she was pregnant. Plaintiff was being interviewed for a promotion at this time. Because of her pregnancy, plaintiff was not promoted in violation of the New York State and/or New York City Human Rights Law.

8. On or about August 7, 2006 plaintiff went out on maternity leave until November 6, 2006. Defendant should have and did place plaintiff on FMLA Leave; plaintiff is thus entitled to all the protections of the Act.

9. On or about November 2006, plaintiff returned to work, she was not restored to her prior position or an identical position as she no longer received payment from the Producers she assisted as a Senior Sales Associate.

10. From November 6, 2006, to December 1, 2006 plaintiff was assigned a desk without any work.

11. Plaintiff provided such notice as was practicable to the employer when she was out for pregnancy. Such actual notice was given and medical documentation was also given to defendants.

12. The actions of defendants complained of in the Cause of Action are willful violations of 29 U.S.C. §2612, §2614, §2615, §2617 and 29 C.F.R. §825.203.

13. By failing to restore plaintiff ELIZABETH LAJARA to her prior or an equivalent position before taking leave, pursuant to the Family and Medical Leave Act, defendant violated the Family and Medical Leave Act's right of restoration.

## AS AND FOR THE CAUSE OF ACTION

14. Although plaintiff, ELIZABETH LAJARA, remained in constant contact with defendants regarding her work condition, she was not restored to her position or an equivalent

position in violation of her right of restoration, 29 U.S.C. §2614 and §2615.

15. Accordingly, defendants have violated the Family and Medical leave Act of 1993, by refusing to allow her the right of reinstatement in violation of 29 U.S.C. §§2615 and 2617, as well as denying plaintiff restoration to her position as required by 29 U.S.C. §2614.

## FIRST PENDENT STATE CLAIM

16. Defendant is an employer as that term is defined by the New York State Human Rights law (Executive Law §290 ET SEQ.).

17. Plaintiff ELIZABETH LAJARA was subjected to sexual discrimination because of her pregnancy in violation of the New York State Human Rights law (Executive Law §290 et seq. in that she was denied the promotion in January 2006).

## SECOND PENDENT STATE CLAIM

18. Defendant CITIGROUP GLOBAL MARKETS INC. is an employer for purposes of New York city Local Law 59 of 1986 as amended by Local Rule 39 of 1991 §8-101 et seq.

19. Plaintiff has served a copy of the Complaint upon the City Commission on Human Rights and the New York City Corporation Counsel.

20. Plaintiff has satisfied all prerequisites to filing the instant complaint.

21. Defendant CITIGROUP GLOBAL MARKETS INC. acting in a willful and malicious manner has unlawfully discriminated against plaintiff because of her sex (pregnancy) in the terms, conditions or privileges of employment and by failing to promote her in January 2006 in violation of New York City Local Law 59 of 1986 as amended by Local Rule 39 of 1991 §8-107.

22. Plaintiff demands a jury trial on her Family and Medical Leave Act cause of action and on her pendent state claims.

**WHEREFORE**, plaintiff demands judgment against defendant as follows:

### On the Cause of Action:

(1) An amount equal to back wages, benefits, pension, for plaintiff from November 6, 2006;

(2) Interest on the above described amount calculated at the prevailing rate;

(3) An additional amount as liquidated damages equal to the sum of the amount described above including interest;

(4) Employment reinstatement; to the same or an equivalent position;

(5) Reasonable attorneys' fees pursuant to 29 U.S.C. §2617; and

(6) Reasonable expert witness fees and other costs of the action pursuant to 29 U.S.C. §2617.

### On The First Pendent Cause of Action:

(i) An award of compensatory damages in the amount of One Hundred Thousand Dollars ($1000,000.00).

### On The Second Pendent Cause of Action:

(i) An award of compensatory and/or punitive damages in the amount of One Hundred Thousand Dollars ($100,000.00); and

(ii) An award of reasonable attorney's fees together with the costs of this action pursuant to New York City Local Law 59 of 1986 as amended by Local Rule 39 of 1991 §8-502(f).

Together with such other and further relief as to the Court deems just and proper.

Dated: New Rochelle, New York
March 30, 2007

Yours, etc.,

GOODSTEIN & WEST

By: _____
Robert David Goodstein (RDG-5443)
Attorneys for Plaintiff
ELIZABETH LAJARA
56 Harrison Street, Suite 401
New Rochelle, New York 10801
(914) 632-8382

6